# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PUEBLO of ZUNI,

       Plaintiff,

v.                                    CIV. NO. 01-1046 WPJ/WPL

UNITED STATES of AMERICA;
MICHAEL O. LEAVITT, Secretary of the
United States Department of Health and
Human Services; and CHARLES W. GRIM,
Director of the Indian Health Service,
United States Department of Health and
Human Services,

       Defendants.

## MEMORANDUM OPINION AND
## PROTECTIVE ORDER RE: CONTACT WITH WITNESSES

Plaintiff Pueblo of Zuni and Defendants United States of America, Michael O. Leavitt and Charles W. Grim have filed motions for a protective order relating to counsel's contacts with employees of the parties. [Doc. 179 and 188] These motions were triggered by three brief telephone contacts between counsel and support staff for the Pueblo and Patrick Smith, a Senior Accountant at the Division of Cost Allocation for the Department of Health and Human Services. In their memoranda, counsel have traded charges and counter-charges over the propriety of the contacts, the law governing such contacts, and the necessity for and contents of a protective order to govern future contacts with employees of the parties. This Order grants in part and denies in part the motions filed by the parties.

At first glance, New Mexico's Rule of Professional Conduct 16-402 seems to provide an unequivocal answer to the issue raised in this case by allowing contact with employees who do not

have a managerial responsibility on behalf of a party.[1] Rule 16-402 states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. Except for persons having a managerial responsibility on behalf of the organization, an attorney is not prohibited from communicating directly with employees of a corporation, partnership or other entity about the subject matter of the representation even though the corporation, partnership or entity itself is represented by counsel.

N.M. RULES OF PROF'L CONDUCT R. 16-402.  Rule 16-402 differs from ABA Model Rule 4.2 by its inclusion of the second sentence in Rule 16-402. *See* Compiler's notes to Rule 16-402.

This difference between Rule 16-402 and the model rule is reflected in the ABA Comment to Rule 16-402 adopted by New Mexico. The Comment seems to have been written in support of another rule, one that is much broader in scope than Rule 16-402. The Comment states in part:

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of an organization.

N.M. RULES OF PROF'L CONDUCT R. 16-402 cmt.

This Comment was substantially revised by the ABA in 2002, although the revised Comment has not been adopted by New Mexico. The revised Comment states in part:

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyers concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission may be imputed to the organization for purposes of civil or criminal liability.

*Palmer v. Pioneer Inn Assocs., Ltd.*, 59 P.3d 1237, 1241 (Nev. 2002) (citing MODEL RULES OF

---

[1] New Mexico's Rules of Professional Conduct apply to this action pursuant to D.N.M.LR-Civ. 83.9.

PROF'L CONDUCT R. 4.2 cmt. 7). The Comment was revised to delete the "admission" clause because it had been misapplied and to clarify the application of the Rule to organizational clients. *Id.* at 1242 (citing *Reporter's Explanation of Changes* to Model Rule 4.2).

New Mexico's courts have not decided how the no-contact rule applies to organizational clients, and other courts have developed different tests to determine which employees fall within the no-contact rule. At one extreme is the "blanket" test, which prohibits all contact with current and former employees of an organizational client. *Id.* at 1242-43. Defendants in essence urge adoption of this test, asserting that the more prudent course of action for the Pueblo is to forego ex parte contacts with the Defendants' employees and simply take their depositions. [Doc. 187 at 21] At the other extreme is the "control group" test, which covers only high-level management employees. *Palmer*, 59 P.3d at 1242, 1245. Other tests that fall in the middle include the party-opponent admission test, a case-by case balancing test, the "managing-speaking agent" test, and the New York "alter ego" test. *Id.* at 1242-46.

In addition to the variety of tests developed by the courts because of the ambiguities in Model Rule 4.2 and the Comments, courts have not been uniform in application of the tests. For example, the Tenth Circuit, construing Oklahoma law, purported to apply the "managing-speaking agent" test to determine whether an attorney had improperly conducted ex parte contacts with two employees of the School District. *Weeks v. Indep. Sch. Dist. No. I-89*, 230 F.3d 1201, 1208-09 (10th Cir. 2000). In reality, as Judge Briscoe noted in her concurring opinion, the majority adopted the party-opponent admission test that is consistent with FED. R. EVID. 801(d)(2)(D)'s "scope of employment" test. *Id.* at 1214-15; *Palmer*, 59 P.3d at 1243 n.25.

The problem with the application of the party-opponent admission test to an organization is

that it is too broad: "[I]t essentially covers all or almost all employees, since any employee could make statements concerning a matter within the scope of his or her employment, and thus could potentially be included within the rule." *Palmer*, 59 P.3d at 1243; *see also In re Air Crash Disaster*, 909 F.Supp. 1116, 1121 (N.D. Ill. 1995) ("Under FED. R. EVID. 801(d)(2)(D), virtually every employee may conceivably make admissions binding on his or her employer."). Thus, the party-opponent admission test becomes a blanket prohibition on the use of informal discovery methods when an organization is a party opponent.

The ABA Comments to Model Rule 4.2 are hardly models of clarity. The Comments are "intended as guides to interpretation, but the text of each rule is authoritative." N.M. RULES OF PROF'L CONDUCT, Scope ¶ 9. Indeed, the New Mexico Supreme Court may reject both ABA Comments and follow its own approach, as the Nevada Supreme Court did in *Palmer*. *See Palmer*, 59 P.3d at 1248.

Given the express language of Rule 16-402, I agree with the Tenth Circuit that the managing speaking agent test is the correct test to apply, but disagree with the Tenth Circuit's extension of the test to transform it into the party-opponent admission test. Rather, I believe that the managing speaking agent test precludes ex parte contact with employees of the organization who have authority to bind the organization with his or her statement. "[A]n employee does not 'speak for' the organization simply because his or her statement may be admissible as a party-opponent admission." *Palmer*, 59 P.3d at 1248. This interpretation of Rule 16-402 is consistent both with the language of the Rule and the purpose behind the Rule, which is to protect the attorney-client relationship, but not to protect an organization from the discovery of adverse facts. *Id.*

IT IS THEREFORE ORDERED that:

1. Neither party shall engage in informal discovery with the other party's employees who supervise, direct or regularly consult with the party's lawyers concerning this litigation, or who have the authority to bind the organization with his or her statement ("managing employees").

2. Either party may contact unrepresented employees of the other party who are not managing employees. These contacts shall be in accordance with New Mexico Rules of Professional Conduct 16-402 and 16-403. When making these contacts, counsel shall:

 (a) identify himself or herself and this matter;

(b) identify the party that counsel represents in this matter;

(c) indicate counsel's understanding that the employee is not represented by counsel;

(d) inform the unrepresented employee that this matter involves litigation between counsel's party and the unrepresented employee's employer;

(e) inform the unrepresented employee that he or she should refrain from sharing privileged information (*i.e.*, deliberative process privilege) or information discussed with counsel of his or her present/former employer; and

(f) if counsel knows or reasonably should know that the unrepresented employee misunderstands counsel's role in this matter, make reasonable efforts to correct the misunderstanding.

3. In any communication with an unrepresented employee of another party, counsel shall refrain from asking any question or obtaining any information from the unrepresented employee that may violate a privilege of the other party. If counsel receives information or a document that could be claimed as privileged by the other party, counsel shall, within ten days, notify opposing counsel and shall provide opposing counsel with a copy of the document or summary of the information and an explanation of how the information or document was received. Opposing counsel shall have ten

days from receipt of the notice to notify counsel that counsel considers the document or information to be privileged. If counsel cannot reach resolution of the issue, opposing counsel shall have twenty days to file a motion for appropriate relief from the Court. While the documents or information are in dispute, such documents and information may not be utilized by counsel and shall not be circulated to any nonparty.

4. Counsel for a party may, consistent with New Mexico Rule of Professional Conduct 16-304(f), request that its unrepresented employees refrain from giving relevant information to the other party or its counsel. Specifically, counsel for Defendants may communicate the following information to employees of Defendants:[2]

> The Pueblo of Zuni has sued the United States, HHS Secretary Leavitt, and IHS Director Grim in a putative class action lawsuit. If you are contacted by counsel representing the Pueblo of Zuni, you are under no obligation to speak with counsel about any matters related to the lawsuit. We request that you refrain from speaking with such counsel and from volunteering information to such counsel. We also request that you notify Defendants' counsel of the communication, preferably before the communication occurs. In addition, you are specifically prohibited from discussing with the Pueblo's counsel any matters that might be "privileged." For example, information that you discussed with an attorney for your current or former employer which is a defendant in this case could be protected by a privilege, and deliberative, internal discussions that were not shared with the public could also be protected by

---

[2] Defendants may convey other information to their current or former employees as long as such other communications comply with Rule 16-304(f).

a privilege. If you have any questions about whether you are in possession of information protected by a privilege or about your obligations in general, you should confer with Defendants' counsel or your own attorney.

5. Consistent with New Mexico Rule of Professional Conduct 16-304(a), counsel shall not give any instructions to their employees that are in conflict with this protective order, and shall not take any action that will have the effect of improperly obstructing the other party's access to evidence.

6. Within ten days of the date of this protective order, the Pueblo's counsel shall provide to Defendants' counsel a list of the names of all party employees of Defendants with whom the Pueblo's counsel or staff have already communicated, the name of the person who made the contact, the date(s) of such contacts, and shall identify what information was provided by the Defendants' employees.

7. Counsel for the Pueblo may communicate with any represented employee of the Defendants to address policy issues relating to this matter, but are prohibited from discussing this litigation in particular. In order for counsel for the Pueblo to conduct this communication, the represented employee must have authority to take or recommend action related to the policy issue, and counsel for the Pueblo shall provide Defendants' counsel with five days advance notice of the communication, describing the nature and topics to be covered during the communication and the time and place of communication. If counsel for Defendants does not attend the discussion of policy issues, at the beginning of the discussion counsel for the Pueblo shall identify himself or herself as an attorney representing the Pueblo in this litigation. The provisions of Paragraph 3 concerning privileged information apply to communications concerning policy issues.

8. Appropriate sanctions will be imposed for violations of this Order.

IT IS SO ORDERED.

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.          8